UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CALVIN S. BERRY

    Plaintiff,

vs.                                                         CASE NO. 3:09-cv-885-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

This case is before the Court Plaintiff's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #28, Petition), filed October 24, 2012.

Plaintiff's counsel obtained a sentence four remand/reversal of denial of benefits for her client in this Social Security appeal (*see* Doc. #26, Order and Opinion reversing and remanding case to Commissioner). Upon remand, the Commissioner issued a decision favorable to Plaintiff and found he was entitled to past due benefits. *See* Petition at Ex. A. In a Notice of Award, the Social Security Administration indicated that it was withholding in escrow twenty-five percent (25%) of Plaintiff's past due benefits, totaling $11,027, for possible payment of attorney fees. *See* Petition at Ex. C. Pursuant to the contingent Attorney Fee Agreement entered into by Plaintiff and her attorney, Plaintiff's counsel now seeks a fee of $11,027. The Commissioner has filed a response to the Petition, stating that the he does not object to the sought amount (Doc. #29, Defendant's Response to Plaintiff's Motion for Attorney Fees).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1) (A). In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002) (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Court's section 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases. *Id.* at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. *Id.* at 808. Other key considerations include the character of the representation and the results the representation achieved. *Id.* For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. *Id.*

The Court has reviewed the contingent fee contract and has considered the character of the representation and the results the representative achieved and finds that the contingent fee contract is reasonable in this case.[1]  Ordinarily, to prevent "double-dipping" the Court would direct Plaintiff's counsel to either refund the EAJA award

---

[1]The Court has also taken into account that the Commissioner does not object to the instant fee request. Thus, this decision should not be viewed as precedent in a case where the rate is contested.

to Plaintiff upon receipt of the 406(b) award, or alternatively, the Court would deduct that sum from counsel's recovery. However, in this instance such action would be inappropriate as Plaintiff's counsel has not, and states she will not, ask for EAJA fees.

Accordingly, upon due consideration, it is hereby **ORDERED:**

1. Plaintiff's counsel's Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #28) is **GRANTED**. The Court finds that a reasonable attorney's fee for Plaintiff's counsel, Chantal J. Harrington, for representation of Plaintiff in this case is $11,027. The Commissioner shall now pay Chantal J. Harrington the sum of $11,027 from the past-due benefits being held in escrow in this case. The Commissioner shall refund the remainder, if any, of the escrowed past-due benefits to Plaintiff.

2. The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2012.

Copies to all counsel of record

THOMAS E. MORRIS
United States Magistrate Judge